**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                              )
RICHARD GRUNDY,               )
                              )
            Plaintiff,        )
                              )   Civil Action
v.                            )   No. 17-11449-PBS
                              )
HSBC BANK USA, N.A. and       )
OCWEN LOAN SERVICING, LLC,    )
                              )
            Defendants.       )
_____)

**ORDER REMANDING TO STATE COURT**

June 3, 2020

Saris, D.J.

In July 2017, pro se plaintiff Richard Grundy filed suit in Essex County Superior Court to prevent the foreclosure of his home. Defendants removed the case to federal court and, following an order on Defendants' motion to dismiss, Grundy filed an amended complaint comprising only state law claims. Defendants filed a motion for summary judgment, which this Court granted in part.

Following the Court's summary judgment order, the remaining claims are (1) a breach of contract claim limited to "other charges" on mortgage account statements from 2014 to 2016, including at a minimum charges of $1,475.00, $3,011.27, $1,485.50, $3,002.91, and $3,152.85; (2) a claim for breach of

1

the implied covenant of good faith and fair dealing with respect to the "other charges" and to a $12,500 repair fund; (3) a fraud claim with regard to the "other charges"; and (4) a Chapter 93A claim based on two improper charges totaling approximately $4,500 and the $12,500 repair fund and potentially subject to treble damages. This Court ordered Defendants to submit a brief on whether the remaining amount in controversy exceeds the lower jurisdictional limit of $75,000.

Defendants assert that at least $77,894.53 in "other charges" on the mortgage account statements could still be at issue. However, Defendants have not explained how they reached that total nor provided the documents underlying their calculation. Judge Bowler identified at least $12,137.53 in "other charges" in her Report & Recommendation, but the record does not reflect the amounts of any additional "other charges." Even applying treble damages to Grundy's Chapter 93A claims, the known amounts in controversy do not add up to $75,000.

Defendants argue that Plaintiff would also be entitled to attorney's fees on his Chapter 93A claim. Chapter 93A provides that a prevailing plaintiff "shall . . . be awarded reasonable attorney's fees and costs incurred in connection with [his] action." Mass. Gen. Laws ch. 93A § 9(4). The parties have not cited, and the Court could not find, any case law on whether <u>pro se</u> attorneys are entitled to recover under Chapter 93A's

2

attorney's fees provision. Defendants cite a state appellate case in which the court granted fees to a pro se attorney under the contractual terms of a promissory note. See Robbins v. Krock, 896 N.E.2d 633, 635 (Mass. App. Ct. 2008). However, cases examining statutory fee-shifting provisions generally deny fees to pro se attorneys. See Kay v. Ehrler, 499 U.S. 432, 437 (1991) ("[T]he overriding statutory concern [in 42 U.S.C. § 1988] is the interest in obtaining independent counsel for victims of civil rights violations.") (emphasis added); Aronson v. U.S. Dep't of Hous. & Urban Dev., 866 F.2d 1, 5-6 (1st Cir. 1989) (denying fees under Freedom of Information Act based on public policy goal of encouraging pro se plaintiffs to retain independent legal counsel); Doe ex rel. Doe v. Attleboro Pub. Sch., 960 F. Supp. 2d 286, 300 (D. Mass. 2013) (denying fees under Individuals with Disabilities Education Act to pro se plaintiffs).

Finally, Plaintiff asserts that his operative complaint was amended "regarding damages in order for the matter to be sent back to state court." Dkt. 113 at 1. Plaintiff is estopped from seeking more than $75,000 on remand.

The Court declines to maintain supplemental jurisdiction over the state law claims at issue in this case where the remaining amount in controversy falls far below the jurisdictional limit. See 28 U.S.C. § 1367(c)(3).

This matter is **REMANDED** to Essex County Superior Court for further proceedings.

SO ORDERED.

                                          /s/ PATTI B. SARIS
                                          Hon. Patti B. Saris
                                          United States District Judge